T.C. Summary Opinion 2001-128

UNITED STATES TAX COURT

GARY L. AND JOLENE K. PENDLETON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14877-99S.                    Filed August 20, 2001.

Gary L. Pendleton and Jolene K. Pendleton, pro sese.

<u>Igor S. Drabkin</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

Respondent determined deficiencies of $9,550 and $4,294 in

petitioners' Federal income taxes for the years 1996 and 1997, respectively, and a penalty under section 6662(a) of $1,910 for the year 1996.

The petitioners have conceded the deficiencies and penalty by stipulation. The only issue we must decide is whether either petitioner is entitled to relief from joint and several liability under section 6015.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Burbank, California, at the time they filed their petition.

During each of the taxable years at issue, petitioner Gary L. Pendleton (Gary) maintained a sole proprietorship electrician business which was operated out of the personal residence of petitioners. In addition, Gary worked as an electrician for a number of employers. Most of his work was commercial work. Gary did his electrical work in the field.

During each of the taxable years at issue, petitioner Jolene K. Pendleton (Jolene) worked as a staffing/placement specialist for Royal Associates. Jolene earned $52,226 of the $87,773 reported as W-2 wages for 1996 and $52,025 of the $85,270 reported as W-2 wages for 1997.

Petitioners were married in June 1990. They were separated in January 1997. However, during 1997, Gary "still was living" with Jolene. He would go to her home every night and spend the

night with Jolene and their daughters Amanda and Danielle. During 1997, petitioners were trying to determine whether they were going to remain married. At the time each petitioner elected relief under section 6015, petitioners were divorced.

Gary testified that Jolene kept the books and records of his endeavors. Gary provided the expense estimates to Jolene. Both petitioners had access to their bank accounts and bank statements. Both petitioners deposited and withdrew money from the bank accounts. Both petitioners were responsible for the preparation of the 1996 and 1997 Federal income tax returns and both reviewed the returns.

Although Jolene disputed some of Gary's statements, we found Gary to be a credible witness. Our evaluation of his testimony is founded upon "the ultimate task of a trier of the facts--the distillation of truth from falsehood which is the daily grist of judicial life." Diaz v. Commissioner, 58 T.C. 560, 564 (1972).

On their 1996 joint income tax return, petitioners deducted $22,260 of expenses on Schedule A, Itemized Deductions, which included $13,471 of job expenses, and $20,886 of expenses on Schedule C, Profit or Loss From Business. On their 1997 joint income tax return, they deducted $13,064 of expenses on Schedule A and $19,115 of expenses on Schedule C. For 1996, respondent disallowed $13,471 of the Schedule A deductions and $20,886 of the Schedule C deductions. For 1997, respondent disallowed $379

of the Schedule A deductions and $19,115 of the Schedule C deductions. The deductions were disallowed because petitioners did not establish that the expenses were paid or incurred during the taxable year. Petitioners conceded that respondent's determinations were correct.

On each return, petitioners claimed $15,480 of rent expense of business property. Gary explained that the accountant said they could deduct a percentage of the rent on their home as an office. Rent for the home was $950 per month or $11,400 a year. Petitioners deducted more than 100 percent of the rent and claimed a deduction of $15,480 for each year in issue. Petitioners conceded that they did not incur rent expenses of $15,480 with respect to Gary's sole proprietorship electrician business, as claimed for each of the years at issue. The $15,480 amounts were included in the Schedule C adjustments made by respondent for each year. As a result of these rent deductions and others, petitioners showed a Schedule C loss of $16,708 on their 1996 return and a Schedule C loss of $16,800 on their 1997 return.

Each party claims relief from joint and several liability pursuant to section 6015(b) and (c). Each party must satisfy each requirement set forth in section 6015. Braden v. Commissioner, T.C. Memo. 2001-69. The fact that one or the other of petitioners must be the individual who caused an

understatement of tax is not a problem under our disposition of this case.

If a taxpayer had actual knowledge of the items giving rise to the deficiency, then the taxpayer will not qualify for relief under section 6015(b) or section 6015(c). Sec. 6015(b)(1)(C) and (c)(3)(C). On this record, we are convinced that both Gary and Jolene knew that they were claiming unwarranted rental and other business expense deductions on their 1996 and 1997 returns and excessive itemized deductions on their 1996 return, and that these claimed deductions led to the understatements in question. Both petitioners were involved in and responsible for the preparation of their returns. Jolene was involved in the bookkeeping of the electrician business. Both petitioners knew what the expenses of the business were. They knew the business rent deduction exceeded the amount they paid in rent for the entire house they occupied. Thus, each petitioner fails to qualify for relief under either section 6015(b) or section 6015(c). We find that neither petitioner is entitled to relief under section 6015.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.